IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
MAR 14 2005

| | |
|---|---|
| BRYANT LOVING,<br>    Petitioner,<br><br>v.<br><br>R. V. VEACH, WARDEN,<br>    Respondent. | United States District Court,<br>Northern district of Georgia<br>Atlanta Division.<br><br>CRIMINAL NO. 1:95-CR-0191<br>Docket No _____ 05-1084<br><br>The Honorable J. Owen Forrester<br>United States District Judge<br>Presided. |

### MEMORANDUM OF LAW IN SUPPORT PURSUANT TO U.S.C. § 2241(C)(3) ACTUALLY INNOCENT OF 3B1.1 SENTENCE ENHANCMENT

**Now Comes** Petitioner Bryant Loving in pro se, respectfully asking this Honorable Court to grant his writ of habeas corpus filed under Section 2241(C)(3) most important petitioner Loving, point's out, that failure to consider the merit's of his claim's would result in a "Miscarriage of Justice."

1.)   Petitioner contends that he is entitled to relief under the claims presented in his habeas petition because the Statue that he was sentenced under 18 U.S.C. § 3553(b)(1) has been invalidated by the Supreme Court in **United States v. Booker**, 543 U.S. -- 160 L. Ed 2d 621 125 S.Ct. 738 (2005).

2.)   Therefore petitioner sentenced was predicated on a criminal Statue that expressly authorized the sentencing court to impose a sentence which effectively denied him of his right to jury trial

under the U.S. Constitution, because the jury (or sentencing court for that matter) never found beyond a reasonable doubt the factor's relied upon by the court to enhance petitioner Loving's sentence, petitioner is "actually innocent" of the enhanced portion of his sentence. The factor's relied upon by the judge were neither presented to the jury or charged in the indictment these Constitutional and Statutory infirmitie's render petitioner's sentence legally void.

## BACKGROUND
## II.
## PROCEDURAL HISTORY

On July 27, 1995, Petitioner Bryant Loving, pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On November 30, 1995, he was sentenced by the Court for the Northern District of Georgia to 210 month's imprisonment and five years of supervised release, he filed no appeal from his sentence. On January 11, 2001, petitioner filed a motion to vacate set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in his § 2255 petitioner Loving contended that (1) his plea agreement and conviction were obtained under duress and coercion and he was unintelligently informed of it's ramification's; (2) he pled guilty under 21 U.S.C. § 841(a)(1) and the enhanced penalties in § 841(b) were inapplicable under **Apprend v. New Jersey**, 530 U.S. 466 (2000); (3) he should have received a three-level reduction for acceptance of responsibility; and (4) his sentence erroneously was enhanced for his role in another offense.

2

In an order dated July 31, 2001, the court denied petitioner's motion. The essential function of habeas corpus is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence 28 U.S.C. § 2241(C)(3) See **Taylor v. Gilkey** 314 F.3d 832, 835 (7th Cir. 2002);(discussing **In re Davenport,** 147 F.3d 605 (7th Cir. 1998), our only extended treatment of the language, helds that § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. In **Davenport** the issue was the scope of the statute under which the defendant had been convicted. At the time of the conviction--indeed, at the time of collateral review under § 2255--the law in all federal appellate courts was against the prisoner's position. Later the Supreme Court handed down a decision interpreting the statute in a way that left a distinct possibility that the prisoner had not committed a federal crime, yet the rules for successive collateral attacks allow only new constitutional doctrines to be vindicated.

Thus even though the sort of contention that the prisoner sought to raise justifies collateral review, see **Bousley v. United States,** 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), it did not justify sequential collateral attacks under § 2255 ¶ 8. Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we

3

held in **Davenport** that for this small class of situations § 2255 is "inadequate or ineffective to test the legality of [the] detention." See also <u>Gray-Bey v. United States</u>, 209 F.3d 986 (7th Cir. 2000).

## FACTS SUPPORTING PETITIONER'S CLAIM

On July 27, 1995, petitioner, Bryant Loving, pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On November 30, 1995, he was sentence to 210 month's imprisonment and five years of supervised release. However petitioner Loving was placed in <u>Offense Level</u> 34 <u>Criminal History Category</u> III, then 3 points was add for aggravating role under Sentencing Guidelines 3B1.(1)(b) which placed petitioner Loving, at the low end of <u>Offense Level 37 262-327</u>. Then petitioner was decrease 2-points for Acceptance of Responsibity which placed him at <u>Offense Level</u> 35 Low end 210-262. However the substance of this claim deals with his being "<u>actually innocent</u>" of the enhanced portions of the criminal sentence imposed upon him. Specifically. Petitioner alleged that his actual innocence is derived from the fact that the district court made judicial determination's based upon a preponderance of the evidence, thereby denying him of his right to a jury determination or admitted by the petitioner.

Therefore petitioner enhanced term of his sentence was imposed pursuant to an unconstitutional procedure made mandatory by an unconstitutional statue 18 U.S.C. § 3553(b)(1) which directs that the

4

Court" shall impose a sentence of the kind, and within the range" established by the guidelines. Petitioner Loving, 3B1.(1)(b) enhancment was in fact unconstitutional, therefore without the enhanced portion, petitioner would be at a Offense Level 32 guideline range of 151-188 months with 151 months being lowend and of 188 moths being highend, not 210 month's. Petitioner make it clear that his "Statutory Claim" does not rely on **United States v. Booker**, 543 U.S. -- 160 L.Ed.2d 621 125 S.Ct. 738 (2005), as a new rule of law. **Booker,supra,** has not yet been held to be available for collateral review. Petitioner Cites **Booker** only as the case in which the Supreme Court through its "statutory interpretation" invalidated 18 U.S.C. § 3553(b)(1) and § 3742(e) as being unconstitutional under the Sixth Amendment, Court's that has addressed the "actual innocence matter has held that § 2255 is "inadeguate or ineffective" only when as in **Davenport,supra,** the claim being fore closed is one of actual innocence". **Taylor v. Gilkey,supra**, 314 F.3d at 832. (citing case).

In the instant case petitioner presents a "statutory claim" that shows that is actually innocent of the enhanced term of his federal sentence imposed pursuant to the United States Sentencing Guidelines. The miscarriage of justice exception applies where a petitioner is "actually innocent" of the crime of which he was convicted or the penalty which was imposed". **Kuhlman v. Wilson**, 477 U.S. 436, 91 Led.2d 364, 106 S.Ct. 2616 (1986). In **Smith v. Murray**, 477 U.S. 527, 538 (1986), the court stated, "the availability of

5

the "actual innocence" exception depends not on the nature of the penalty, the state imposes but on whether the Constitutional error undermines the accuracy of the guilt or sentencing determination". Id at 537-38.

This statement shows that the Supreme Court considers the "actual innocence" exception applies to sentencing determinations whether capitol or non-capitol in nature. The "actual innocence" of enhanced sentencing claim that petitioner raises challenges only "sentencing determination's" and not guilt or conviction. A sentence imposed under an unconstitutional statute is an unconstitutional sentence. See **Ex parte Yarbrough,** 110 U.S. 651, 654, S.Ct. 152, 28 L.Ed. 274 (1884)("if the law that defines the offense or describes it's punishment is void, the court was without jurisdiction and the prisoner must be discharged"). As to conviction that are already final, however, the rule applies only in limited circumstances, new substantive rules generally apply retroatively, this includes decisions that narrow the scope of a criminal statute by interpreting it's terms. See **Bousley v. United States,** 523 U.S. 614, 620-621 (1998), as well as constitutional determination's that place particular conduct or person's covered by the statute beyond the state's power to punish, see **Saffle v. Park's,** 494 U.S. 484, 494-495 (1990); **Teague v. Lane,** 489 U.S. 288, 311 (1989)(plurality opinion)[4]. Such rule's apply retroactively because they "necessarily carry a significant risk that a defendant stand's convicted of an act that the law does

6

not make criminal" or faces a punishment that the law cannot impose upon him. **Bousley, supra,** at 620 (quoting **Davis v. United States,** 417 U.S. 333, 346 (1974), sometimes also relying on **Davis,** have likewise concluded that **Teague** does not bar the retroactive application on habeas of substantive statutory decisions such as **United States v. Dashney,** 52 F.3d 298 (10th Cir. 1995)(retroactive application of Supreme Court interpretation of statute prohibiting the structuring of cash transactions to evade currency reporting requirements); **Chambers v. United States,** 22 F.3d 939, 942 (9th Cir. 1994)(retroactive application of Supreme Court decision invalidating child pornography statute for lack of scienter requirement); **United States v. Sood,** 969 F.2d 774, 775-76 (9th Cir. 1992)(retroactive application of Ninth Circuit decision holding a bribery statute inapplicable to the territory of Guam); **United States v. McClelland,** 941 F.2d 999, 1000-01 (9th Cir. 1991) (retroactive application application of Ninth Circuit interpretation of "extortion" under federal Hobbs Act); **Lomelo v. United States,** 891 F.2d 1512, 1515 n. 8 (11th Cir. 1990)(retroactive application of Supreme Court interpretation of mail fraud statute); **Callanan v. United States,** 881 F.2d 229 232 n. 1 (6th Cir. 1989), furthermore the court has recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place.

The Supreme Court has invalidated inconsistent prior judgment's where its reading of a particular Constitutional guarantee immun-

6

izes a defendants conduct from punishment, see <u>United States v. United States Coin $ Currency</u>, 401 U.S. 715, 724, 28 L.Ed 2d 434, (1971). Also it has been recognized that "[a] judicial construction of a statue is an authoritative statement of what the statue meant before as well as after the decision of the case giving rise to the decision. <u>Brown v. Allen</u>, 334 U.S. 443 73 S. Ct. 397 (1953). The principle that statue operate retrospectively. <u>United States v. Security Ind Bank</u>, 459 U.S. 70, 103 S. Ct. 407 (1982). Petitioner Loving avers that the statues utilized by the district court to impose his sentence were unconstitutional. See 18 U.S.C. § 3553(b)(1), also see <u>United States v. Booker</u>, 543 U.S. -- 160 L.Ed 2d 621 125 S. Ct. 738 (2005). In <u>Booker,supra</u>, the court stated:

> "We answer the question of remedy by finding the Guidelines Mandatory, 18 U.S.C.A. §3553(b)(1) (Supp. 2004), incompatible with today's constitutional holding. We conclude that this provision must be severed and excised as must one other statute, §3742(e) (main Ed. and Supp. 2004), which depends upon the Guideline mandatory nature". "We conclude that the constitutional jury trial requirement is not compatible with the Act as written and that some severance and excision are necessary". Id. <u>Booker</u> Opinion, page 2.

"When this Court construes a statue it is explaining what the statue has meant continuously since the date when it became law. <u>Rivers v. Boadway Express</u>, Id at 128 L.Ed 2d 274; Note 12. Petitioner's "statutory interpretation" claim was unavailable until the Court in <u>Booker</u> invalidated 18 U.S.C. §3535(b)(1) and §3742(e) as being unconstitutional.

## CONCLUSION

Because the "enhanced term" of petitioner's sentence was imposed pursuant to an unconstitutional procedure made mandatory by the unconstitutional statutes 18 U.S.C. §3553(b)(1) and §3742(e) said enhanced term of sentence is unconstitutional and the court was without jurisdiction, therefore sentence must be vacated and set aside and the Petitioner released from its custody.

In the alternative Petitioner Loving, moves the court pursuant to the time limits of 28 U.S.C. § 2243 to issue a show cause order to the Respondant United States Attorney to show cause why petitioner should not be released from the illegal confinement of the unconstitutionally enhanced term of his sentence.

Respectfully submitted

*Bryant Loving*
Bryant Loving,
F.C.I. Pekin
Reg: 45752-019
P.O. Box 5000
Pekin, IL. 61555-5000

8

## CERTIFICATE OF SERVICE

The Petitioner, Bryant Loving, hereby certifies that he served (1) original and (3) copies of the foregoing §2241 motion upon:

MR. JOHN M. WATERS, CLERK OF COURT
309 U.S. COURTHOUSE 100 N.E. MONROE STREET
PEORIA, ILLINOIS 61602

For the purpose of service herein.    Ececuted at Pekin Illinois,
on this 07 day of MARCH   , 2005.    Pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

Bryant Loving
Bryant Loving,
F.C.I. Pekin
Reg: #45752-019
P.O. Box 5000
Pekin, IL. 61555-5000

9

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRYANT LOVING,
Reg: #45752-019
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL. 61555-5000

March 07, 2005

JOHN M. WATERS
Clerk of Court
309 U.S. COURTHOUSE
100 N.E. MONROE STREET
PEORIA, ILLINOIS 61602

Dear Clerk:

    Enclose you will find (1) original and (3) copies of petitiner's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, to be filed with court.

    Hence stamp filed one copy and return to the aforementioned party. Thank you for your wonderful service in this matter.

Sincerely

*Bryant Loving*
Bryant Loving