**E-FILED**
Wednesday, 16 March, 2005  09:47:23 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYANT LOVING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1084 |
| ) | |
| R. V. VEACH, Warden, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

This matter is now before the Court on Petitioner, Bryant Loving's ("Loving"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth herein, the Petition [#1] is DISMISSED.

### FACTUAL BACKGROUND

On July 27, 1995, Loving pled guilty to possession of cocaine with intent to distribute in the United States District Court for the Northern District of Georgia.  On November 30, 1995, he was sentenced to 210 months' imprisonment.  He did not pursue any direct appeal.

On January 11, 2001, Loving filed a motion pursuant to 28 U.S.C. § 2255, in which he raised four claims: (1) that his plea agreement was obtained under duress and coercion; (2) that the enhanced penalties applied to him were inapplicable under Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) he should have received a reduction for acceptance of responsibility; and (4) his sentence was erroneously enhanced for his role in another offense.  The district court denied the motion, and it is unclear whether he pursued any appeal from the denial.

Loving has now brought this petition pursuant to § 2241 challenging his convictions and claiming that he is actually innocent of the enhanced penalties imposed upon him in light of the Supreme Court's recent decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (U.S. Jan. 12, 2005). This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Loving does not challenge the circumstances of his confinement. Rather, he attacks the validity of a portion of his sentence and asks this Court to vacate his sentence and release him from custody. Accordingly, this Petition involves a collateral attack on Loving's sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Loving has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion, which he has not done in this case, or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. <u>Gray-Bey v. United States</u>, 209 F.3d 986, 988-90 (7th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  147 F.3d at 611.  To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated.  Id. at 611-12.

Here, Loving clearly fails the first prong of In re Davenport, as he does not identify any retroactive change in the law as the basis for his claims.  The Seventh Circuit has held that a decision of the Supreme Court is retroactive to second or successive cases on collateral review only if the Supreme Court expressly declares that retroactive application. Talbott v. Indiana, 226 F.3d 866, 868-69 (7th Cir. 2000); *see also*, Ashley v. United States, 266 F.3d 671, 672-73 (7th Cir. 2001).  As neither Booker itself nor any other Supreme Court decision announces such retroactivity, no application based on Booker is authorized under the present circumstances. McReynolds v. United States, ___ F.3d ___, 2005 WL 237642 (7th Cir. Feb. 2, 2005).

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Loving's sentence, because he is procedurally barred from raising claims based on Booker.  Accordingly, Loving's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to

motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in <u>Davenport</u>, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice to the opportunity to seek permission to bring a second or successive petition from the Seventh Circuit Court of Appeals.

## CONCLUSION

For the reasons stated herein, Loving's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 15th day of March, 2005.

                                                s/ Michael M. Mihm
                                                  Michael M. Mihm
                                            United States District Judge