E-FILED
Tuesday, 29 March, 2005   10:48:42 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED

MAR 2 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRYANT LOVING,  )
    Petitioner,  )
)
v.  )   Case No. 05-1084
)   Hon: Michael M. Mihm
)
R.V. VEACH, WARDEN,  )
    Respondent.  )
)

## MOTION TO ALTER OR AMEND JUDGMENT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

COMES NOW, Petitioner BRYANT LOVING, in pro se, and respectfully asks this court to reconsider its Order of March 15, 2005, as authorized by Fed. R. Civ. P. 59(e). In support hereof, petitioner states as follows:

### A. INTRODUCTION

1.  Subsequent to the filing of petitioner's petition for writ of habeas corpus by a preson in Federal custody brought pursuant to 28 U.S.C. § 2241, the court issued an order denying said pleading on March 15, 2005.

2.  Thorough this court's denial of petitioner's habeas motion, the court held that: "[n]either Booker apply retractively to [petitioner's] case."

3. However, aside from the court's interpretation of the claims advanced in his motion, the substance of those claims dealt with his being "actually innocent" of the enhanced portion of the criminal sentence imposed upon him. Specifically, petitioner alleged that his actual innocence is derived from the fact that the district court made judicial determinations based upon a preponderance of the evidence, thereby denying him of his right to a jury determination "beyond a reasonable doubt."

### B. Fact Supporting Reconsideration

Petitioner contends that, as it was held in Lorentsen v. Hood, 223 F.3d 950. (9th Cir. 2000). Citing Lorentsen 1 that a Bailey claim may not be presented by a second or successive motion under 28 U.S.C. § 2255 because Congress has determined that second or successive motion's may not contain Statutory Claim's, also See Sustache-Rivera v. United States, 221 F.3d 8 (1 st. cir. 2000). The saving's clause has to be resorted to for such a Statutory Claim because Congress restricted second or successive petitions to Constitutional Claim's.

Prior to the Supreme Court's decision in Booker, court were authorized to make judicial findings by a preponderance of the evidence which satisfied neither defendants' right to a jury trial or a right to have criminal liability established beyond a reasonable doubt. Petitioner's sentence reflects such a deprivation.

2

Because the jury (or the sentencing court for that matter) never found beyond a reasonable doubt these factors relied upon by the court to enhance petitioner's sentence, petitioner is actually innocent of the enhanced portion of his sentence. The factors relied upon by the judge were neither presented to the jury or charged in the indictment. These constitutional and statutory infirmities render petitioner's sentence legally void.

In the instant case petitioner presents a "statutory claim" that shows that he is actually innocent of the enhanced term of his federal sentence imposed pursuant to the United States sentencing Guidlines. "The miscarriage of justice exception applies where a petitioner is "actually innocent" of the crime of which he was convicted or the penalty which was imposed". Kuhlman v. Wilson, 477 U.S. 436, 91 L.Ed 2d 364, 106 S.Ct. 2616 (1986). "In Smith v. Murray, 477 U.S. 527, 538 (1986), the Court stated, "The availability of the "actual innocence" exception depends not on the "nature of the penalty" the state imposes but on whether the constitutional error undermines the accuracy of the guilt or sentencing determination". Id at 537-38.

The Statutory Sentencing law Title 18 U.S.C. § 3553(b)(1), which makes it mandatory that the sentencing court find factors by a preponderance of the evidence to enhance petitioner's sentence that were not presented to the jury and found beyond a reasonable doubt.

3

## STATUTORY CLAIM

In <u>United States v. Booker</u>, 543 U.S. ___, 160 L.Ed.2d 621, 125 S.Ct. 738 (2005), the Supreme Court issued a judicial "statutory interpretation" of the meaning of Title 18, U.S.C. §§ 3553(b)(1) and 3742(e), and found that both §3553(b)(1) and §3742(e) to be incompatable to the constitutions Sixth Amendment "jury trial" requirement. The Supreme Court holds 18 U.S.C. §3553(b)(1) and §3742(e) to be unconstitutional through statutory interpretation and invalidated both statutes severing §3553(b)(1) and §3742(e) from the U.S. Sentencing Guidelines. Moreover, the Court has recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place. The Court has invalidated inconsistent prior judgements where its reading of a particular constitutional guarantee immunizes a defendant's conduct from punishment, See, e.g., <u>United States v. Coin & Currency</u>, 401 U.S. 715, 724, 28 L.Ed.2d 434, 91 S.Ct. 1041 (1971).

Like <u>Booker</u>, the Supreme Court in <u>Patterson v. Mclean Credit-Union</u>, 491 U.S. 164, 105 L.Ed.2d 132, 109 S.Ct. 2363 (1989), interpretated a 123-year old statute differently than appellate court's had done since its enactment. As to <u>Patterson's</u> retroactivity, the Court said, Congress has the power to make or amend remedial statutes retroactively absent Ex Post Facto problems are unquestionable. See <u>Freeborn v. Smith</u>, 69 U.S. at 168, 17 L.Ed 923 ( "we do

4.

not question the validity of retrospective statues that are purely remedial"). Also See <u>Reynoidsville Casket Co. v Hyde</u>, at 751, 131 LEd. 2d, at 825. When petitioner's moved to dismiss the suit, respondent replied that the suit was timely by virtue of the tolling provision § 2305. 15(a). The tolling provision, however was unconstitutional, see <u>Bendix Autolite Corp. v Midwesco Enterprises, INC.</u>, 486 U.S. 888 (1988). Furthermore Petitioner Loving state's that his statutory claim does not rely on the case of <u>Booker</u> being a new rule of law only it's "statutory interpretation".

A Retroactivity doctrine that a new federal constitutional rule of criminal procedure will not be applicable to those case which have become final before the new rule is announced, unless the new rule (1) places "certain kind" of primary private individual conduct beyond the power of the criminal lawmaking authority to proscribe, or (2) could be considered a watershed rule of criminal procedure applies, by the doctrine's term's, to only procedural rules and is inapplicable to the situation in which the United States Supreme Court decides the meaning of a criminal statute enacted by Congress. Petitioner Loving has a Statute claim as to § 3553(b)(1) being unconstitutional and since it was unconstitutional it" was as inoperative as if it had never been passed <u>Chicago I. And L.R. Co. v. Hackett</u>, 288 U.S. 559 566, 57 L.Ed. 966, 33 S.Ct. 581 (1913).

5

## CONCLUSION

Therefore Petitioner Loving asks this Honorable Court to reconsider its order dated March 15, 2005, where as his <u>Statutory Claim</u> has been denied do to the fact, that his <u>Statutory Claim</u> was not Retroactive.

WHEREFORE, in the interest of justice, petitioner Loving, pray that this Honorable Court reconsider it's previous ruling on March 15, 2005, denying petitioner "petition for writ of habeas corpus brought under 28 U.S.C. § 2241. And for any and all other relief this court deem just and proper.

Respectfully submitted,

*Bryant Loving*
Bryant Loving

## CERTIFICATE OF SERVICE

The Petitioner, Bryant Loving, hereby certifies that he served (1) original and (3) copies of the foregoing "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)," upon:

CLERK OF COURT
309 U.S. COURTHOUSE 100 N.E. MONROE STREET
PEORIA, ILLINOIS 61602

For the purpose of service herein. Executed at Pekin, Illinois on this 25 day of March, 2005. Pursuant to 28 U.S.C. § 1746.

Respectfully submitted,